UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARAN PAL, | Cause No. C20-0775RSL |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| Defendants. | |

This matter comes before the Court on the "United States' Motion to Dismiss Pursuant to FRCP 12(b)(1)." Dkt. # 10. Having reviewed the memoranda, declaration, and case law submitted by the parties, the Court finds as follows:

The motion to dismiss is GRANTED. Plaintiff's habeas petition challenging defendants' determination that he should not be allowed to apply for asylum in the United States was dismissed for lack of jurisdiction. *Pal v. U.S. Dep't of Homeland Sec.*, No. 1:20-CV-0011-P, 2020 WL 1166492, at *1 (W.D. La. Mar. 9, 2020). He has now filed this action under the Administrative Procedures Act ("APA") to obtain review of that same determination, arguing that he was deprived of due process because the immigration judge did not allow him to present relevant evidence and failed to conduct a *de novo* review of the asylum officer's decision. Dkt. # 1 at ¶¶ 1.1, 2.5, 8.4, and 8.6. The Government moved to dismiss plaintiff's complaint for lack

ORDER OF DISMISSAL - 1

of jurisdiction, pointing out that the Immigration and Nationality Act ("INA") prohibits judicial review of expedited removal orders and credible fear determinations. 8 U.S.C. § 1252(a)(2)(A) (stating that "no court shall have jurisdiction to review . . . except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to § 1225(b)(1) of this title"). *See Dep't of Homeland Sec. v. Thuraissigiam*, __ U.S. __, 140 S. Ct. 1959, 1966 (2020) ("[C]ourts may not review 'the determination' that an alien lacks a credible fear of persecution.") (quoting § 1252(a)(2)(A)). Congress provided only two methods for judicial review of an expedited removal determination under subsection (e), neither of which is applicable here.[1]

Plaintiff argues, however, that the APA provides a basis for judicial review of the expedited removal determination in this case because the determination was based on a July 19, 2019, interim final rule that has been enjoined as inconsistent with the INA and therefore unlawful. *See E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp.3d 922 (N.D. Cal. 2019) (preliminarily enjoining enforcement of a July 16, 2019, interim final rule entitled "Asylum

---

[1] Plaintiff's habeas petition under 8 U.S.C. § 1252(e)(2) was dismissed, and plaintiff has not asserted a habeas claim here. Nor could he: plaintiff was never detained in the State of Washington, and he was removed from the United States in June 2020 and is no longer in the government's custody. *See Dep't of Homeland Sec. v. Thuraissigiam, __ U.S. __, 140 S. Ct. 1959, 1969 (2020)* (noting that the writ of habeas corpus has long been understood as a means of removing the injury of unlawful confinement) (quoting 3 W. Blackstone, Commentaries on the Laws of England 137, and 3 Commentaries on the Constitution of the United States § 1333, p. 206 (1833) (Justice Story)).

With regards to the review available under 8 U.S.C. § 1252(e)(3), the district court's jurisdiction over an APA challenge to the constitutionality or legal validity of the expedited removal system itself is preserved. *See Make The Rd. New York v. Wolf*, 962 F.3d 612, 624-26 (D.C. Cir. 2020). Such a challenge would have had to have been brought in the U.S. District Court for the District of Columbia within 60 days of implementation of the offending policy, rule, or procedure, however. 8 U.S.C. § 1252(e)(3).

ORDER OF DISMISSAL - 2

Eligibility and Procedural Modifications" that generally denied asylum to aliens arriving at our border with Mexico unless they have first applied for, and been denied, asylum in Mexico or another country through which they have traveled), *aff'd*, 964 F.3d 832 (9th Cir. 2020). There are two problems with this argument. First, such a claim was not asserted in the complaint, which clearly challenges the immigration judge's failure to allow plaintiff to present additional evidence and/or to conduct a *de novo* review of the asylum officer's determination. Plaintiff filed his complaint in May 2020, almost ten months after the July 19, 2019, interim final rule had been enjoined, yet the complaint does not mention the rule, much less assert that his adverse determination was caused by it.

Second, plaintiff is attempting to utilize the APA to get around the express limitations Congress placed on judicial review of expedited removal orders. By arguing that the agency's determination was based on a policy or rule that has now been enjoined, plaintiff is presumably challenging the determination as "not in accordance with law" or "in excess of statutory jurisdiction authority, or limitations." 5 U.S.C. § 706(2)(A) and (C).

> But the APA's general provision authorizing judicial review of final agency actions must yield to the INA's immigration-specific limitations. *See Bultasa [Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 574 (7th Cir. 2017)] ("Appellants cannot avoid the jurisdictional bar established by 8 U.S.C. § 1252 simply by raising a claim under [§ 706] of the APA."); *Roland v. USCIS*, 850 F.3d 625, 629 n.3 (4th Cir. 2017) (explaining the same idea). Put most simply, the APA cannot be used to sidestep the highly specific limitations on judicial review enacted in the INA.

*Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020) (involving APA review of the revocation of a visa petition and denial of adjustment of status). *See also Arumainayagam v. Barr*, No. C20-1776PHX-SMB (CDB), Dkt. # 5 at (D. Ariz. Sept. 16, 2020) (dismissing APA challenge to

ORDER OF DISMISSAL - 3

adverse credible fear determination because 5 U.S.C. § 701(a)(1) of the APA makes clear that no relief is available "to the extent that . . . statutes preclude judicial review"); *Singh v. USCIS*, No. C19-1873JLR-MLP, Dkt. # 22 at 5 (W.D. Wash. June 12, 2020) (finding that the APA does not provide a source of judicial review of a negative credible fear determination and expedited removal order because the INA expressly precludes such review).

For all of the foregoing reasons, the Court finds that it lacks jurisdiction to review the agency's asylum determination or the expedited removal order. The United States' motion to dismiss is GRANTED. The Clerk is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 12th day of January, 2021.

*Mht S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 4